UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 20-20192

v.                                               Honorable Thomas L. Ludington

JUAN NUNEZ VALLEZ,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR ALTERNATIVE GUIDELINES FORMULATION**

On April 2, 2020, a criminal complaint was authorized by Magistrate Judge Morris alleging Defendant unlawfully re-entered the United States. ECF No. 1. On April 17, 2020, Defendant was charged by an information of one count of unlawful reentry. ECF No. 7. Defendant later waived indictment. ECF No. 8. On June 8, 2020, Defendant pled guilty before Magistrate Judge Morris and her report and recommendation was later adopted. ECF Nos. 15, 16. Defendant's sentencing is set for September 24, 2020. ECF No. 14.

On August 17, 2020, Defendant, through counsel, filed a motion for alternative guidelines formulation. ECF No. 17. Plaintiff, the Government, timely responded. ECF No. 18. No reply was filed.

**I.**

Defendant explains that the Presentence Investigation Report ("PSR") drafted by the United States Probation Office includes a two-point assessment under U.S.S.G. §4A1.1(d) "based on defendant's commission of the instant offense while under a state court criminal justice sentence from 2011." Defendant outlines the facts as follows,

> The sentence in question relates to defendant's 2011 conviction in the 85th District Court in Manistee, Michigan (the "Manistee court") for operating a motor vehicle without security and operating while impaired. (PSR, ¶30.) Defendant pled nolo contendere to those charges on November 23, 2011, and was sentenced to 12 days in custody with credit for 12 days served. (Plea and Sentencing, 11/23/11, Tr. pp. 6-7, 11) (a copy of the transcript of the plea and sentencing is attached as Exhibit A). He was also sentenced to a two-year term of non-reporting probation and ordered to pay $1,300.00 in fines and costs. (A copy of the order of probation is attached as Exhibit B.)
>
> During the course of the plea and sentencing in the Manistee court case, the prosecutor noted that defendant "could be subject to deportation" because he is not a United States citizen. (Id., Tr. pg. 6.) He observed that "it appears that there is an ICE hold on him, and they would like him, when we are done with him here." (Id., Tr. pg. 9.) And he acknowledged that it "appear[ed] very likely" that defendant would be deported after the case was resolved. (Id., Tr. pg. 10.) After the conclusion of defendant's 12-day custodial term, he was "released to immigration custody[.]" (PSR, ¶31.)
>
> On December 19, 2011, defendant appeared in the United States District Court for the Western District of Michigan to face an illegal reentry charge. He was ordered detained. After reaching a plea agreement with the government, he pled guilty and was ultimately sentenced to an eight-month term. On September 11, 2012, he was deported from the United States. (Id.)
>
> Unbeknownst to defendant, on January 11, 2012, the Manistee court noticed up a show cause hearing because he had failed to make any monetary payments toward his $1,300.00 fine. He was in federal custody, but the Manistee court sent notice to an address in Saginaw, Michigan. The Manistee court issued a bench warrant when he failed to appear for the hearing. (PSR, ¶30.) He was not brought back to the Manistee court prior to his 2012 deportation, and the bench warrant remains in force to this day.

ECF No. 17 at PageID.66-67.

U.S.S.G. §4A1.1(d) states that two points should be added to an individual's criminal history "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Note 4 further explains,

> A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such a warrant. See §4A1.2(m)

- 2 -

*Id.* (n. 4).

## II.

According to Defendant, the PSR asserts the "Manistee court's bench warrant implicates U.S.S.G. §4A1.2(m)" thereby increasing his criminal history points. Defendant argues the two-point assessment, which would increase Defendant's guideline range from eight to 14 months to 10 to 16 months incarceration violates the due process clause under the Fifth and Fourteenth Amendments. ECF No. 17 at PageID.69. Defendant argues that he was entitled to notice of the Manistee court's show cause hearing, but the notice was mailed to his Saginaw address, even though the court was on notice that Defendant was likely in ICE custody. Defendant argues he failed to appear to the show cause hearing because he was in custody and did not receive notice of the hearing. Defendant cites to a Fifth Circuit case where the court explained that a notice of forfeiture was constitutionally inadequate where the notice was sent to claimant's residence and the jail where they were incarcerated, but the letter to the jail was returned to sender. *Armendariz-Mata v. U.S. Department of Justice*, 82 F.3d 679 (5th Cir. 1996). The circuit concluded that "[w]hen the government sends notice by mail . . . the proper inquiry is not simply whether the government sent the notice, but whether it acted reasonably under all the circumstances in relying on the mail as a means to apprise the interested party of the pending action." ECF No. 17 at PageID.72, quoting *Armendariz-Mata*, 82 F.3d at 683. Defendant argues the Manistee court acted unreasonably because it knew the notice of the show cause hearing would not reach Defendant and "the reach of § 4A1.2(m) does not extend to a situation in which the existence of a bench warrant is tainted by a due process violation."

Defendant also argues that *Custis v. United States*, 511 U.S. 485, (1994) is inapplicable to this case. *Custis* provides that a defendant may not seek review of state court convictions through

federal sentencing. *Id.* at 490. Defendant explains he "is not asking the Court to overlook his conviction in the Manistee court [but] is challenging his legal status that stems from the Manistee court's sentence." ECF No. 17 at PageID.73-74 (emphasis omitted).

The Government responded and explained that notice of the show cause hearing was sent not only to Defendant's Saginaw address, but also to his counsel. ECF No. 18 at PageID.97. Further Plaintiff argues that *Custis v. United States* forecloses Defendant's ability to seek review of his state conviction and sentence, except for the right to appointed counsel. *Custis v. United States*, 511 U.S. 485, 487 (1994) ("We hold that a Defendant has no such right [to determine whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA] (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior convictions.") The proper venue for attacking the state court convictions is federal habeas review. *Id.* at 497.

### III.

The Government correctly concludes that *Custis v. United States* is binding. Defendant cannot collaterally attack his state court bench warrant during his federal sentencing. *Armendariz-Mata* does not save Defendant's argument because the underlying proceeding was a forfeiture claim, not a state sentencing hearing. Even if Defendant could attack his state court sentence during his federal sentencing, his due process claim fails. Defendant's notice of hearing exhibit shows the Manistee Deputy Court Clerk signed the notice and certified that "copies of this notice were served upon the parties/attorneys by ordinary mail at the addresses shown above." 17-5 at PageID.93. Defendant's attorney and address is listed on the notice of hearing. Even if Defendant did not

receive personal service of the notice of hearing, his attorney did receive notice. Therefore, no due process violation occurred.

**IV.**

Accordingly, **IT IS ORDERED** that Defendant's motion for alternative guidelines formulation, ECF No. 17, is **DENIED**.


Dated: September 17, 2020                              s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge